

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 29, 2016.**

_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-52174-CAG |
| | § | |
| KEITH L. KLEIN, | § | |
| | § | CHAPTER 13 |
| Debtor. | § | |

### MEMORANDUM OPINION AND
### ORDER DENYING TRUSTEE'S MOTION TO DETERMINE DEBTOR INELIGIBLE
### FOR DISCHARGE PURSUANT TO 11 U.S.C. § 1328(f)

Came on to be considered the above-numbered bankruptcy case, and, in particular, the Trustee's Motion to Determine Debtor Ineligible for Discharge Pursuant to 11 U.S.C. § 1328(f) (ECF No. 13) (the "Motion"), and Debtor's Response thereto (ECF No. 14). The Court held a hearing on the Trustee's Motion on November 17, 2015, and took the matter under advisement. For the reasons stated below, the Court finds that the Trustee's Motion should be DENIED.

The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. § 1408(1). This matter is referred to this Court under the District's Standing Order of Reference. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J), in which the Court may enter a final order. The Court finds that this is a contested matter as

1

defined under Fed. R. Bankr. P. 9014.  As such, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

**PARTIES' CONTENTIONS AND AGREED FACTS**

The operative facts involved in the Trustee's Motion are not disputed.  On October 12, 2009, Debtor filed a chapter 13 case in which Debtor received a discharge on May 5, 2014. (BK Case No. 09-54020-cag).  On September 4, 2015, Debtor filed a second petition for relief under Chapter 13 of the Bankruptcy Code, which is the current and above-referenced bankruptcy case. On October 13, 2015, the Chapter 13 Trustee ("Trustee") filed its Motion to Determine Debtor As Ineligible for Discharge Pursuant to 11 U.S.C. § 1328(f) (ECF No. 13), and Debtor filed its Response on October 14, 2015 (ECF No. 14).  The Court heard the arguments of counsel in support of their respective positions at the hearing.

The parties agree that the question before the Court is purely a matter of statutory interpretation.  The Trustee argues that Debtor is ineligible for a chapter 13 discharge in his current case because he received a chapter 13 discharge within the two years prior to filing this case.  The Trustee, therefore, reads the time limitation for receiving a second discharge stated in 11 U.S.C. § 1328(f)(2) to be counted from the date of the previous discharge to the filing of the new chapter 13 case.  Debtor, on the other hand, argues that he remains eligible for a chapter 13 discharge in his current case.  Debtor reads the time limitation for receiving a second discharge stated in § 1328(f)(2) to be counted from the date of the previous petition filing to the filing of the new chapter 13 case.

**ANALYSIS**

Section 1328(f) of the Bankruptcy Code states the following:

Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge—

2

> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
>
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f) (2015).[1]

Under § 1328(f), a debtor who has previously received a discharge in a chapter 13 case is not eligible for a second discharge until a two-year time period has passed. The question this Court must answer is whether § 1328(f)(2) provides that the two-year time clock starts ticking as of the date of the filing of the first chapter 13 petition, or alternatively, whether the time clock starts as of the date of entry of the first chapter 13 discharge.

The Trustee argues that the language of the statute is ambiguous pointing out that the statute does not clearly state that the time period runs from petition date to petition date. Rather, the Trustee argues that reading the statute to limit a second discharge only two years from the first petition date would provide for an absurd result because the vast majority of chapter 13 cases last longer than two years under the debtor's plan. Thus, as the Trustee argues, the statute would be rendered meaningless in most cases. The Trustee also puts forward the policy argument that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was intended to curb serial bankruptcy filings. As such, interpreting the time period of § 1328(f) to run from discharge date to petition date would provide a greater limitation on the number of consecutive bankruptcy cases to be filed. Therefore, the Trustee urges this Court to interpret that the time period of § 1328(f) begins running on the discharge date.

Debtor admits that a two year chapter 13 case is rare but argues that the statute is not rendered meaningless by reading that the two year period begins on the date of the first petition

---

[1] Unless otherwise noted herein, all statutory references are to 11 U.S.C., *et seq.*

3

filing. Debtor points this Court to the approach taken by the Sixth Circuit in ***Carroll v. Sanders (In re Sanders)***, arguing that the bar dates of § 1328(f) should be counted from the first petition filing date. 551 F.3d 397 (6th Cir. 2008). Debtor argues that interpreting the statute to begin counting from the first discharge date would work to disfavor chapter 13 cases over chapter 7 because a debtor filing his second case as a chapter 7 case could get a second discharge after receiving a chapter 13 discharge much sooner than if he filed a second chapter 13 case instead. Debtor, therefore, puts forth the policy argument that BAPCPA was intended to give a preference for filing chapter 13 cases over chapter 7. As such, the Trustee's interpretation of § 1328(f)(2) would run counter to the intent of Congress. Debtor also points out that this case in particular is a 100% plan.

The parties and this Court agree that the Fifth Circuit Court of Appeals does not have a binding opinion on this issue. The Fourth and Sixth Circuit Courts of Appeals, however, have weighed in on interpretation of the time limitations in § 1328(f). *See* ***Branigan v. Bateman (In re Bateman)***, 515 F.3d 272 (4th Cir. 2008); ***Sanders***, 551 F.3d 397 (6th Cir. 2008). The First Circuit Bankruptcy Appellate Panel also addressed the issue. *See* ***Gagne v. Fessenden (In re Gagne)***, 394 B.R. 219 (1st Cir. B.A.P. 2008). All three cases share a similar approach in answering whether § 1328(f)'s time periods barring a second discharge begin counting from the filing date or discharge date in the first case.

First, all the courts conclude that the statutory language of § 1328(f) is plain and apply the doctrine or rule of last antecedent in order to interpret the statute's meaning. ***Bateman***, 515 F.3d at 277–78; ***Sanders***, 551 F.3d at 399; ***Gagne***, 394 B.R. at 225–29. In applying the doctrine of last antecedent, the courts determined that the phrase "during the 2-year period preceding the date of such order" in § 1328(f) modifies the immediately preceding phrase "filed under…" rather than the earlier and more distant phrase of "received a discharge." *See **Sanders***, 551 F.3d

4

at 399 ("Although not an 'absolute' imperative, the 'rule of last antecedent' creates at least a rough presumption that such qualifying phrases attach only to the nearest available target."); *Bateman*, 515 F.3d at 277–78; *Gagne*, 394 B.R. at 225–29.

Second, each court concludes that reading the statute to mean that the time period started on the date of discharge would render language in the statute superfluous because the word "filed" would no longer have any meaning.  *Bateman*, 515 F.3d at 277–78 ("Congress could have accomplished what the Chapter 13 Trustee believes is the statute already accomplishes [reading from discharge date to filing date] by omitting the word 'filed' entirely and having subsection (f)(2) to read 'in a case under Chapter 13 of this title….'"); *Sanders*, 551 F.3d at 400; *Gagne*, 394 B.R. at 229.

Lastly, each court addresses the policy argument that Congress has emphasized a preference for individual debtors to use Chapter 13 over Chapter 7.  *Bateman*, 515 F.3d at 279 – 80 (citing *In re McDonald*, 205 F.3d 606, 614 (3d Cir. 2000) and *In re Bartee*, 212 F.3d 277, 284 (5th Cir. 2000)); *Sanders*, 551 F.3d at 400; *Gagne*, 394 B.R. at 229.  In *Bateman*, the Fourth Circuit Court of Appeals pointed out that, in cases where the first chapter 13 case paid either 100% of allowed unsecured claims or paid 70% of allowed unsecured claims plus the plan was proposed in good faith and was the debtor's best effort, the debtor who wanted to file a second case would immediately be eligible for a chapter 7 discharge pursuant to § 727(a)(9).  *Bateman*, 515 F.3d at 279–80.  Under the discharge to filing timeline that the Trustee urges, however, if the debtor wanted to file a second chapter 13 case, that debtor would be forced to wait two years in order to be eligible for a discharge.  *Id.*  This is on top of the fact that most chapter 13 cases result in a three to five year plan.  Therefore, the debtor in this scenario would not be eligible for a second chapter 13 discharge for five to seven years from the date of filing the original chapter 13 case but would be eligible for a chapter 7 discharge immediately.  *Id.*  The court in *Bateman*

found that such a result would be contrary to Congress's stated preference for chapter 13. *Id.*

Similarly, while acknowledging that the scope of § 1328(f)(2)'s application may be narrowed by reading the statute in accordance with the rule of last antecedent, the Sixth Circuit Court of Appeals in *Sanders* held that such a reading would not render the statute a nullity or an absurdity. *Sanders*, 551 F.3d at 402. Rather, the court noted that reading § 1328(f)(2) to impose a limitation on a second discharge from discharge date to filing date would have the "perverse effect of barring some debtors from seeking chapter 13 relief whom the law allows to obtain a *chapter 7* discharge—a result at odds with [the trustee's] own characterization of Congress's purpose [to prefer chapter 13 over chapter 7 for individual debtors]." *Id.* at 403 (emphasis in original).

In the end, the Sixth Circuit Court of Appeals, Fourth Circuit Court of Appeals and First Circuit Bankruptcy Appellate Panel all agree that § 1328(f) should be read to place a time limitation on when a debtor may receive a second discharge starting from the date the first case is filed. This Court agrees with that outcome and finds that the plain meaning of the statute controls.

First, the Court agrees that the statutory language is plain and that its analysis should begin and end with that language. *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (internal quotations omitted)). Under the doctrine of the last antecedent, "a limiting clause or phrase … should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Bateman*, 515 F.3d at 277 (citing *Barnhart v. Thomas*, 540 U.S. 20 (2003) and 73 Am. Jur. 2d *Statutes* § 138 (2001) ("Qualifying words, phrases, and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately proceeding.")). Applying this doctrine to

6

§ 1328(f)(2), this Court finds that the phrase "during the 2-year period preceding the date of such order" modifies the immediately preceding phrase "filed under" rather than the more distant phrase "received a discharge."

Second, the Court agrees that reading § 1328(f) as proposed by the Trustee would render the word "filed" superfluous in the statute. Therefore, the Trustee's reading of the statute would run contrary to the general rule the "courts should disfavor interpretations of statutes that render language superfluous." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992).

Lastly, the Court finds the Trustee's policy argument that, in passing BAPCPA, Congress intended to limit the number of serial filers unavailing. To the contrary, the Court finds that § 1328(f)(2) contemplates the possibility of at least two filings by the same debtor within a stated period. Rather than prohibit a second filing altogether, the statute would allow a chapter 13 debtor to continue with their case and seek confirmation of a plan—even if unable to receive a second discharge. In this way, Congress also shows its preference that individual debtors use chapter 13 instead of chapter 7. *Bateman*, 515 F.3d at 279 (citing *McDonald*, 205 F.3d at 614 and *Bartee*, 212 F.3d at 284). The preference is particularly poignant when examining the more stringent prohibitions of six and eight years placed on receiving a chapter 7 discharge in the second case. *See* §§ 727(a)(8) & (9). Further, as noted in *Bateman*, the Trustee's reading would actually create situations in which debtors filing chapter 7 would be preferred by being eligible for a discharge sooner than a debtor filing chapter 13. *See* 515 F.3d at 279–80.

Given the plain meaning of the language in the statute and Congress's policy considerations in enacting BAPCPA, the Court finds that the appropriate reading of § 1328(f)(2) is to prohibit debtors from receiving a second chapter 13 discharge in a case filed within two years of the filing date of a chapter 13 case in which the debtor received a discharge. Applying this decision to the facts of this case, the Court finds that the Trustee's Motion is not well-taken

and Debtor is not prohibited from receiving a discharge under the provisions of § 1328(f)(2).

## CONCLUSION

IT IS THEREFORE ORDERED that the Trustee's Motion to Determine Debtor Ineligible for Discharge Pursuant to 11 U.S.C. § 1328(f) (ECF No. 13) is DENIED.

All other relief is DENIED.

# # #